**Fernando QUEZADA–DAZA,
Petitioner—Appellant,**

v.

**UNITED STATES of America,
Respondent—Appellee.**

**No. 02–36019.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 24, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Greg S. Silvey, Esq., Boise, ID, for Petitioner–Appellant.

Kim R. Lindquist, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Respondent–Appellee.

Before: HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Fernando Quezada–Daza appeals the district court's dismissal of his 28 U.S.C. § 2255 habeas motion. We affirm.

Trial counsel was not outside "the wide range of reasonable professional assistance"[1] for failing to request a special verdict requiring a conspiracy finding on both methamphetamine and marijuana because there was no substantial likelihood on the evidence in this case that the jury would have convicted only for marijuana. A correct verdict form, eliminating the sloppy ambiguity caused by the virgule, would have eliminated an ambiguity that might have been useful to the defense at sentencing.

Appellate counsel was not ineffective for failing to argue on appeal that the drug ledger and list of informants should have been excluded. Possession, even without authentication or an assertion of the truthfulness of the contents, tended to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

incriminate, so it was not clear that the trial court erred. And even if it did, the error would probably have been judged harmless.

**AFFIRMED.**